Daniel, Judge.
 

 The plaintiff , prayed the judge to charge the jury, that whatever authority the state’s warrant might give the constable, the defendant, to arrest in the county of Guilford, he had no authority to arx-est in the county of Orange. The Court did not charge as prayed, but told the jury, that a constable has the right
 
 *507
 
 to arrest on reasonable grounds for believing that a felony had been committed, and that the person arrested was the felon, either with or without a warrant. The judge’s charge is certainly law, as far as it goes. If a constable or other officer has reasonable grounds for believing that a party charged was guilty of felony, though he turn out to be innocent, and although no felony whatever has been committed, the officer is justified in arresting.
 
 Davis
 
 v.
 
 Russell,
 
 15 Eng. Com. Law Rep. 463.
 
 Fox
 
 v.
 
 Gaunt,
 
 3 Barn. & Adol. 798.
 
 Beckwith
 
 v.
 
 Philley,
 
 6 Barn. & Cress. 635. But the charge was not co-extensive with, nor in answer to the prayer of the plaintiff. So far as the charge went, the plaintiff had admitted in the preliminary part of his prayer, if the act were done in Guilford; but that to which he wished a categorical answer, viz., was the defendant,
 
 as constable,
 
 armed with the warrant, authorized to arrest out of his own county ? This part of the prayer was not answered by the judge. Or, if it can be collected from the case to be answered, it was the opinion of the judge, that the defendant, being a constable of Guil-ford, might, either by virtue of his warrant, or
 
 ex officio,
 
 arrest in Orange. The law is, that an officer must proceed to arrest
 
 at some
 
 place actually in his own county; 1 H. Black. Rep. 15 n; 1 Lord Ray Rep. 736; for if the arrest should be made in fact out of the proper county, an action of trespass for the imprisonment might be sustained. 3 Chitty’s Gen. Prac. 354. The legislature has authorized constables to arrest on bays, rivers or creeks, adjoining their counties, and return the precepts to a justice of their own county. (1
 
 Rev. Stat.
 
 c. 24, sec. 9.)
 

 The defendant’s counsel in this Court now7 contends, that a
 
 felony
 
 had actually been committed by some one in breaking Smith’s store-house, and stealing money therefrom : that the defendant had
 
 reasonable grounds
 
 to believe it was the plaintiff, as he was present when Smith made his affidavit and charged the plaintiff with the
 
 felony;
 
 and that he was justified in arresting him anywhere, in his character of a
 
 private citizen;
 
 and as he did arrest the plaintiff in Orange, under a reasonable belief that he was the felon, he had a right to carry
 
 *508
 
 him before a magistrate of the neighbouring county of Guilford, to be examined — the evidence being there. The answer we make to this argument is, that admitting a private person may arrest, where a
 
 felony
 
 has in
 
 fact
 
 been committed, on
 
 reasonable grounds
 
 of belief, that the person arrested is the felon, (1 Chitty’s Gen. Prac. 620, 15 Eng. Com. Law Rep. 463,) still that did not seem to be the question decided by the judge, or the point controverted in the Superior Conrt. The case seemed to rest on the question, whether the defendant, being a Guilford constable, had a right to arrest the plaintiff in Orange, either by force of the warrant, or by virtue of his office, under a
 
 reasonable belief
 
 that a felony had been committed, and that the plaintiff was the felon. Upon that point (as we understand the case, which is badly made up,) we are of opinion the judge was mistaken as to the law.. We therefore think it is but right, that the case should be again submitted to a jury. It will be understood that we give no opinion whether the defendant has made out, or can make out, a valid justification for the trespass imputed to him in his character of a citizen. There must be a new trial.
 

 Per Curiam. Judgment reversed.